IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| vs. | * | No. 4:97CR00004-001 SWW |
| | * | |
| FREDERICK COOPER | * | |

ORDER

Before the Court is defendant's motion brought pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based upon the retroactive application of the crack cocaine penalty amendment to the sentencing guidelines. The government responded to the motion. For the reasons stated below, the motion is denied.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The government agrees that defendant meets the eligibility requirements set forth in §1B1.10 of the United States Sentencing Guidelines ("USSG") and qualifies for consideration of

another sentence reduction. The government and defendant agree that the amended guideline range is 324-405 months in custody.

Section 1B1.10 (a)(1) of the USSG provides that "the court *may* reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2)." (Emphasis added.) Section 1B1.10(a)(3) provides that "proceedings under 18 U.S.C. §3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."

The Court held a hearing less than one year ago on whether defendant's life sentence should be reduced pursuant to the previous crack cocaine penalty amendments to the USSG. The Court decided to reduce the defendant's sentence to a term of 480 months imprisonment. At that time, the Court determined that a reduction was warranted considering the factors set forth in §3582.

Even though the guideline range has been lowered again, the Court declines to exercise its discretion and further reduce defendant's sentence. Pursuant §3582(c)(2), the Court has considered the applicable factors set forth in § 3553(a). The Court remains concerned with the danger defendant poses to the community, noting now as it did last year, defendant's violent behavior and gang membership.

IT IS THEREFORE ORDERED that defendant's motion for reduction of sentence [docket entry 212] is denied.

DATED this 9th day of January, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE